UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RUIZ, et al.,<br><br>    Defendants. | No. 2:20-cv-0291-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. He seeks reconsideration of the court's April 10, 2020 screening order dismissing his complaint with leave to amend. ECF No. 15. He has also filed a petition for release due to the coronavirus pandemic. ECF No. 16.

Motion for Reconsideration

The court screened plaintiff's complaint as required by 28 U.S.C. § 1915A and dismissed it with leave to amend because it attempted to bring in a single action multiple, unrelated claims against multiple defendants. ECF No. 12 at 3. In his motion for reconsideration, plaintiff questions why "we can't proceed on some of the claims, such as the first 4 at least . . . ." ECF No. 15.

At screening, the court declined to select claims for plaintiff because plaintiff is the master of his complaint and the court had no insight into as to how he "valued" each of his claims.

Though it seems that plaintiff is amenable to narrowing his complaint to the first four claims raised therein, plaintiff must do so by way of an amended complaint.  The order granted plaintiff leave to file an amended complaint and plaintiff is free to do so consistent with the requirements of that order and the Local Rules.  *See* E.D. Cal. Local Rule 220 (requiring that motions to amend be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint).  Having considered plaintiff's motion for reconsideration, the April 10, 2020 screening order dismissing the complaint with leave to amend, is confirmed.

### Petition for Release

Plaintiff also seeks relief providing for his release from custody due to the coronavirus pandemic, which the court construes as a motion for a preliminary injunction.  ECF No. 16.  A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The moving party must prove that he is likely to succeed on the merits, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  Here, there is no operative complaint and thus, plaintiff has not and cannot demonstrate that there is at least a fair chance of success on the merits of any claim. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982).  Accordingly, plaintiff's petition for release, construed as a motion for injunctive relief, must be denied.

### Conclusion

Accordingly, it is ORDERED that:

1. Having considered plaintiff's motion for reconsideration (ECF No. 15), the April 10, 2020 screening order (ECF No. 12) dismissing the complaint with leave to amend, is CONFIRMED.

/////

2. Plaintiff may file an amended complaint within 30 days from the date of service of this order and failure to do so will result in a recommendation that this action be dismissed for the reasons stated in the April 10, 2020 screening order.

3. The Clerk of the Court shall randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that plaintiff's petition for release, construed as a motion for a preliminary injunction (ECF No. 16), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE