UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>RUIZ, et al.,<br><br>Defendants. | No. 2:20-cv-291-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 10, 2020, the court determined that the operative complaint was deficient and could not proceed as currently articulated. ECF No. 12. The court noted that plaintiff's lengthy complaint contained a multitude of unrelated claims pertaining to medical care, interference with prison mail, his alleged entitlement to resentencing, denial of a kosher diet, and instances of sexual assault. *Id.* at 3. Plaintiff was given leave to amend. *Id.* at 3-4. Then, on April 17, 2020 and without filing an amended complaint, plaintiff filed a petition for release from prison due to the coronavirus pandemic. ECF No. 16. The court construed that petition as a motion for preliminary injunction and recommended it be denied due to the absence of an operative complaint. ECF No. 19 at 2. Those recommendations are pending before the district judge.

Now, still having not filed a new complaint, plaintiff has filed five more motions for preliminary injunction, along with "new evidence," again seeking release from prison. ECF Nos.

22, 25, 26, 2, 29, 308.  The motions also seek appointment of counsel.  *Id.*; *see also* ECF No. 31.  The motions should, like their predecessor, be denied.

## Legal Standard

A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

## Analysis

The rationale articulated by the court in its previous recommendation apply equally here– the absence of an operative complaint by which to judge the likelihood of plaintiff's ultimate success on the merits – and militates in favor of denying the immediate motions for preliminary injunction.  *See Alabama v. U.S. Army Corps of Eng'rs,* 424 F.3d 1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint.")*; see also Adair v. England,* 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.").  Further, the court has since issued a recommendation to dismiss this action for the reasons stated in the April 10, 2020 screening order (ECF No. 12) because plaintiff has opted not to amend his complaint.  ECF No. 27.

/////

<u>Request for Appointment of Counsel</u>

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

<u>Conclusion</u>

Accordingly, it is hereby ORDERED that plaintiff's request for appointment of counsel (ECF No. 31) is DENIED.

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 22, 25, 26, 28, 29, 30) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE